IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jeremy Clay Orr, | ) | Case No. 4:24-cv-03019-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Richland County, Town of IRMO, Schylur Wells, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's pro se amended complaint. ECF No. 14. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On July 25, 2024, the Magistrate Judge issued a Report recommending that this action be partially dismissed. ECF No. 23. Specifically, the Magistrate Judge recommended dismissing Richland County and the Town of Irmo. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections.[1] ECF Nos. 27, 34, 36.

---

[1] Since the filing of Plaintiff's objections, he has filed several other documents. ECF Nos. 34, 36, 37. The Court is of the opinion that ECF Nos. 34 and 36 should be considered supplemental objections; however, ECF No. 37 does not add any additional information with respect to the Report and the undersigned has not considered it in making this ruling.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As stated above, the Magistrate Judge recommends partial dismissal of this action. Plaintiff has filed objections; therefore, the Court's review of the entirety of this action has been de novo.

The Magistrate Judge recommends dismissal of Richland County because it is entitled to Eleventh Amendment immunity. *See, e.g.*, *Alden v. Maine*, 527 U.S. 706, 712–13 (1999). Upon review, the Court agrees; accordingly, Richland County is summarily dismissed.

The Magistrate Judge recommends dismissal of the Town of Irmo because Plaintiff has not identified an unconstitutional policy, practice, or custom by the Town of Irmo that

2

caused his constitutional rights to be violated. In his objections, Plaintiff refers to the Irmo Police Department and alleges that there is a sufficient link to plausibly establish liability because Defendant Wells was working for the Irmo Police Department. ECF No. 27. As an initial matter, the Irmo Police Department is not a defendant in this action. Further, the allegation that it is liable because Defendant Wells is an employee is insufficient. *See Hensley v. Horry Cnty. Police Dep't*, C/A No. 4:19-cv-602-RBH-KDW, 2019 WL 9667697 (D.S.C. Dec. 17, 2019), *report adopted*, 2020 WL 2537452 (D.S.C. May 19, 2020). Accordingly, this objection is overruled.

In one of his supplements, Plaintiff addresses the Town of Irmo. ECF No. 36 at 6–8. He attempts to allege an unconstitutional policy, practice, or custom by the Town of Irmo as required to extend liability to a municipality or other local government entity. However, his vague and conclusory statements fail to plausibly allege a connection between any policy, practice, or custom and the purported constitutional violation. *See Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984) (*citing Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)) (holding that a municipality or other local government entity may only be held liable under 42 U.S.C. § 1983 "where the constitutionally offensive actions of [ ] employees are taken in furtherance of some municipal 'policy or custom'"); *Hensley*, 2019 WL 9667697, at *3, *report adopted*, 2020 WL 2537452 ("Plaintiff fails to identify any governmental policy or custom that caused his constitutional rights to be allegedly violated. At most, Plaintiff attributes to HCPD, in a conclusory fashion, the alleged wrongful acts of its police officers. As such, the

3

undersigned recommends that the Law Enforcement Defendants' motion to dismiss this claim be granted.").

The remainder of Plaintiff's objections and supplements concern Defendant Wells and his alleged liability. Because it is not recommended that Defendant Wells be dismissed at this time, it is unnecessary to address these objections.

## CONCLUSION

Accordingly, the Court agrees with the recommendation of the Magistrate Judge. Richland County and Town of Irmo are **DISMISSED** with prejudice.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>
United States District Judge

October 11, 2024
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.