UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JEREMY CLAY ORR, #610735, | ) | Civil Action No. 4:24-cv-3019-DCC-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| RICHLAND COUNTY, TOWN OF IRMO, | ) | |
| and SCHYLUR WELLS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    Plaintiff is proceeding pro se. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Plaintiff has filed a Motion for Discovery (ECF No. 37) in which he sets forth a list of documents he would like produced, including lie detector tests, hearing transcripts from a hearing in "Irmo courts," and Defendant Wells's personnel records. However, discovery requests are not made through motions with the court. Rather, they are to be served on the opposing party in accordance with Rules 33 and 34 of the Federal Rules of Civil Procedure. Thus, Plaintiff's motion is denied in this respect.

    Plaintiff also appears to request subpoenas to either testify in court or for depositions. To the extent Plaintiff seeks to subpoena witnesses to testify at trial, his motion is denied as premature with leave to refile if this case proceeds to trial. To the extent Plaintiff seeks subpoenas to depose witnesses, except in certain circumstances in which leave of the court is required, see Fed.R.Civ.P. 30(b)(2), a party may take an oral deposition of a nonparty without leave of the court by serving a subpoena in accordance with Fed.R.Civ.P. 45. However, Plaintiff is advised that subpoenas for

attendance at a deposition cannot be enforced without proper prepayment of the appropriate witness and mileage fees. See Fed.R.Civ.P. 45(b)(1). Further, the party seeking to depose a witness is responsible for arranging all aspects of the deposition, including, but not limited to, securing a location[1] and retaining a court reporter.

Plaintiff's motion with respect to deposition subpoenas is denied with leave to refile. The clerk of court is directed to send one unsigned blank subpoena form to Plaintiff. If appropriate, Plaintiff should complete the form and return it to the court along with a motion. Plaintiff must demonstrate to the court an ability to pay any costs associated with the deposition.

For the reasons set forth above, Plaintiff's Motion for Discovery (ECF No. 37) is **DENIED**.

**IT IS SO ORDERED.**

        s/Thomas E. Rogers, III
        Thomas E. Rogers, III
        United States Magistrate Judge

October 23, 2024
Florence, South Carolina

---

[1] Because Plaintiff is a prisoner, the location for the deposition must comply with all safety protocols required by the correctional institution where Plaintiff is confined.