IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jeremy Clay Orr, | ) | Case No. 4:24-cv-03019-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Schylur Wells, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon Plaintiff's amended complaint alleging violations of his civil rights. ECF No. 14. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On January 8, 2025, Defendant filed a motion to dismiss for failure to prosecute. ECF No. 49. On March 14, 2025, the Magistrate Judge issued a Report recommending that the motion be denied. ECF No. 68. Neither party filed objections. On April 25, 2025, Defendant filed a motion for summary judgment. ECF No. 76. On April 30, 2025, this Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences for failing to respond adequately. ECF No. 79. Plaintiff did not file a response. On July 22, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 55. The Magistrate Judge advised Plaintiff of the

procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff has not filed objections to the Report and the time to do so has lapsed.[1]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Reports of the Magistrate Judge, the Court finds no clear error and agrees with the recommendations of

---

[1] The Court notes that several documents mailed to Plaintiff have been returned as undeliverable. The Report was initially mailed to Plaintiff's address of record on July 22, 2025. ECF No. 87. To date, that copy of the Report has not been returned. On August 5, 2025, Plaintiff filed a notice of change of address. ECF No. 88. The undersigned directed the Clerk of Court to remail the Report to the new address and issued a text order resetting the time to file objections. ECF Nos. 89, 90. As noted above, no response have been received.

the Magistrate Judge.  Defendant's motion to dismiss [49] is **DENIED**.  This action is **DISMISSED** with prejudice pursuant to Rule 41(b).  Defendant's motion for summary judgment [76] is **FOUND as MOOT**.

    IT IS SO ORDERED.

                                                                  s/ Donald C. Coggins, Jr.
                                                                   United States District Judge

September 15, 2025
Spartanburg, South Carolina